13 CV 6652

GARBARINI FITZGERALD P.C.
Richard M. Garbarini (RG 5496)
rgarbarini@garbarinilaw.com
420 Lexington Ave.
Suite 2743
New York, New York 10170
Telephone: (212) 300-5358
Facsimile: (888) 265-7054

*Attorneys for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x



ELIAS MATOS, on behalf of
himself and all other similarly situated
employees,

        Plaintiff,

   v.

MOREGRACE LLC d/b/a PAPA JOHN'S
and SULTAN ALI,

        Defendants.

-----------------------------------------------------------x

Case No.:

ECF CASE

**CLASS AND COLLECTIVE ACTION
COMPLAINT**

   Plaintiff ELIAS MATOS, individually and on behalf of all other similarly situated

employees, by and through his attorneys at GARBARINI FITZGERALD P.C., alleges, upon personal

knowledge as to himself and upon information and belief as to other matters, as follows:

### NATURE OF THE ACTION

   1.  Defendant MOREGRACE LLC d/b/a PAPA JOHN'S owns and operates two

franchisee Papa John's quick service restaurant located in the City and County of New York at

4221 Broadway and 4921 Broadway (the "Papa John's Pizzerias"). The sole and managing

partner in MOREGRACE LLC is Defendant Sultan Ali. Sultan Ali makes all employment

decisions at the Papa John's Pizzerias referred to in this Complaint.

2.      Plaintiff and all other similarly situated employees were classified as delivery persons working at the Papa John's Pizzerias.  Plaintiff and all other similarly situated employees were not paid for any hours worked in excess of 40 hours per week.  While classified as a delivery persons, Plaintiff and all other similarly situated employees worked more than half of each shift on non-tipped work including, but not limited to: making pizza, washing dishes, sorting/arranging food, restocking the fridge, cleaning, making pizza boxes, and getting food from the walk-in refrigerator.

3.      Defendants compensate their delivery people at $5.00 per hour which is below the prevailing minimum wage of $5.65 for non-food service employees.  Defendants also do not pay over-time to employees that work more than 40 hours a week..  This violates the Federal and New York State Minimum and Over-time Wage laws.

4.      Defendants are not entitled to the tip-credit under the Fair Labor Standards Act ("FLSA") and/or New York Labor Law ("NYLL").

5.      Defendants also require Plaintiff and all other similarly situated employees to purchase their own uniforms and purchase and repair their own bicycle, reflectors and helmets without reimbursement.

6.      Defendants charge $1.50 per delivery as a "service charge" but fail to properly identify the fee as a "service charge" and fail to give receipts letting consumers know the service charge is not a tip or gratuity.  In fact, Defendants do not give receipts to at-home customers. The fee charged by Defendants is a properly classified as a gratuity or tip, and the Defendants impermissibly retained these tips.

7.      This action is brought to recover all service charges, unpaid minimum and over-time wages, tools-of-the-trade expenses, and spread-of-hours pay, owed to Plaintiff and all other

2

similarly situated current and former employees of Defendants as well as injunctive and declaratory relief against Defendants' unlawful actions, plus interest, attorneys' fees and costs.

8.     Plaintiff also brings this action for unpaid wages, including but not limited to unpaid minimum and overtime wages, pursuant to the New York Labor Law Article 6, § 190 *et seq.* and Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. §216(b), 28 U.S.C. §§ 1331 and 1337 (federal question) and 28 U.S.C. § 2201 (declaratory judgment).

10.     This Court has supplemental jurisdiction over the New York State law claims pursuant to 28 U.S.C. § 1367, as they are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.     At all times relevant to this Complaint, Plaintiff and all similarly situated employees and Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

12.     Defendants have $500,000 per year in annual dollar volume.  In fact, the Papa John's Pizzerias reportedly have revenue in excess $25,000 per week each.

13.     The statute of limitation under the FLSA for willful violations is three years pursuant to 29 U.S.C. § 255(a) and applies to the claims here.

14.     The statute of limitation under the New York Labor Law is six years pursuant to New York Labor Law § 198(3) and applies to the claims here.

15.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

16.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

## PARTIES

17.     Plaintiff ELIAS MATOS is a resident of Manhattan and was employed by Defendants as a delivery-person from in or about June of 2013 until August of 2013.

18.     Upon information and belief, Defendant MOREGRACE LLC d/b/a Papa John's ("MOREGRACE") is a New York Limited Liability Company with its principal place of business at 61-41 Saunders Street #A-50 Rego Park, New York, NY 11374.

19.     MOREGRACE owns and operates two Papa John's Pizzerias located at 4221 Broadway and 4921 Broadway, both in the City and County of New York.

20.     Upon information and belief, Defendant SULTAN ALI ("ALI") is the sole partner and /or managing partner in MOREGRACE.

21.     ALI controls every aspect of the Papa John's Pizzerias including, inter alia, hiring, firing, pay rate and schedule.  ALI, at all relevant times, maintained and continues to maintain control, oversight, and direction over the operation of the Papa John's Pizzerias, including its employment practices.

## FACTS APPLICABLE TO THE PUTATIVE PLAINTIFF'S

22.     Plaintiff was hired in or about June 2013 to work at the Restaurant located at 4221 Broadway. New York.

23.     His employment was terminated in or about August 2013.

4

24.     Plaintiff was paid $5.00 per hour as a delivery worker which is below the $5.65 per hour required by New York State for minimum wage paid to tipped non-food service employees.

25.     Plaintiff worked between 50 and 60 hours per week, and closed the Restaurant most nights.  Closing takes approximately two hours, and requires cleaning, wiping the walls, putting away the products, and all steps necessary to close the business.  Closing the Restaurant requires Plaintiff and other similarly situated employees to work until 2:00 am or 3:00 am.

26.     Defendant ALI assigned Plaintiff to a particular shift by directing him to arrive at a particular time to work.

27.     Defendant ALI did not direct the time a particular shift would end, but instead, required Plaintiff to continue to work until ALI determined Plaintiff was no longer needed for the day.

28.     As a result, Plaintiff often worked more than ten hours per day for five or six days a week.

29.     When Plaintiff was not delivering pizza, which was the majority of the time he was at the Papa John's Pizzerias, he was required to sweep, make pizza, answer the phone, make pizza boxes, and clean the Restaurant.

30.     On Sundays, Defendant ALI directed Plaintiff to clean the entire Restaurant located at 4221 Broadway.

31.     Plaintiff was not paid over-time.

32.     As a delivery person, Plaintiff was required to purchase his own bike, pay for his own repairs, and purchase a helmet and reflectors without reimbursement by Defendants.

33.     Plaintiff was required to purchase and launder his own uniform.

34.     Plaintiff was not paid spread-of-hours pay for any day he worked 10 or more hours.

35.     Plaintiff was directed by Defendant ALI to work before he clocked-in and after he clocked out for the day.

36.     Defendant ALI directed Plaintiff to purchase and launder his own uniforms.

37.     Defendants impermissibly retained gratuities in violation of New York Labor Law Section 196(d).

38.     Defendants failed to adequately identify the $1.50 charge per delivery as a service charge.  Defendants failed to give receipts identifying the charge in 12 point font as a service charge.  In fact, Defendants did not provide receipts to customers.

39.     The $1.50 charge is a tip or gratuity and should have been passed on to Plaintiff.


## COLLECTIVE ALLEGATIONS

40.     Plaintiff brings FLSA claims on behalf of himself and all similarly situated employees employed at PAPA JOHN's from  September 16, 2010 through the date of final judgment of this action (the "FLSA Collective").

**41.**     Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective.  Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## CLASS ALLEGATIONS

42.     Plaintiff also brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all tipped employees at MOREGRACE  Papa John's Pizzerias from September 2005 through December 2013" (the "Rule 23 Class" or "Putative Class").

43.     The persons in the Rule 23 Class identified above number in the hundreds, and are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants.

44.     The claims of Plaintiff are typical of the claims of the Rule 23 Class.

45.     Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

46.     Defendants have acted or have refused to act on grounds generally applicable to the Plaintiff and the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

47.     There are questions of law and fact common to the Plaintiff and the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

> (a) whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

> (b) what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

> (c) whether Defendants failed to compensate Plaintiff and the Rule 23 Class in accordance with federal and state minimum wage laws and for work performed in excess of 40 hours per work-week with proper overtime wages as required by law;

> (d) whether Defendants failed and/or refused to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the

meaning of the New York Labor Law Article 6 §§ 190 et seq. and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(e) whether Defendant required the Plaintiff and the Rule 23 Class to work through their breaks with no pay;

(f) whether Defendants impermissibly retained gratuities;

(g) whether Defendants impermissibly required Plaintiff and the Rule 23 Class to purchase and lauder their uniforms and tool-of-the-trade including; a bicycle, repairs, helmet, reflectors and safety gear; and,

(h) the nature and extent of Plaintiff and the Rule 23 Class-wide injury and the appropriate measure of damages for the class.

48.     The claims of the Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and the Rule 23 Class work or have worked for Defendants and have not been paid their minimum and overtime wages for the hours that they have worked in excess of 40 hours per week; and worked through their breaks with no pay.  Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

49.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

50.     Plaintiff has retained counsel competent and experienced in complex class actions and in employment litigation.

51.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of a wage and hour litigation like the present action, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and

uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## FACTS SPECIFIC TO CLASS AND COLLECTIVE ALLEGATIONS

52.    At all relevant times, Defendants were the Plaintiff and Putative Class's employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiff and the Putative Class, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff and the Putative Class's services.

53.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiff and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or over-time compensation, or spread of hours compensation, as required by federal and state laws.

54.    Defendants routinely obfuscated Plaintiff and the Putative Class's hours by requiring "off-clock" work.

55.    Defendants, particularly ALI, directed Plaintiff and the Putative Class to purchase and launder their own uniforms, purchase and repair their own bicycles, purchase their own helmets and reflectors; all without being reimbursed.

56.     Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

57.     All corporate policies originated were designed and implemented by Defendant ALI.

58.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff and other similarly situated and current and former workers.

59.     These practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly for his full hours worked.

60.     Defendants failed to inform Plaintiff and the Putative Class that Defendants intended to take a deduction against Plaintiff's earned wages for tip income, as required by the NYLL before any deduction may be taken.

61.     Defendants failed to inform Plaintiff and the Putative Class their tips would be credited towards the payment of the minimum wage.

62.     Defendants failed to maintain a record of tips earned by Plaintiff and the Putative Class for the deliveries they made to customers.

63.     Plaintiff and the Putative Class have been victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by, inter alia, willfully denying them their earned tips and not paying them the wages they were owed for the hours they had worked.

64.     Defendants' pay practices resulted in Plaintiff and the Putative Class not receiving payment for all their hours worked, resulting in Plaintiff's effective rate of pay falling below the

10

required minimum and over-time wage rate. Plaintiff and the Putative Class incurred significant costs in purchasing the tools-of-their trade including uniforms.

65.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and the Putative Class by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This pattern, practice and/or policy included depriving delivery workers of a portion of the tips earned during the course of employment.

66.     Defendants unlawfully misappropriated charges purported to be gratuities, received by delivery workers in violation of New York Labor Law § 196-d (2007).

67.     Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

68.     Moreover, at all times Defendants required Plaintiff and the Putative Class who were tipped employees such as delivery workers to perform the jobs of multiple employees in addition to their primary responsibility. These additional, non-related, and non-tipped duties occupied more than two hours of each Plaintiff and the Putative Class's workday.

69.     Defendants paid the Plaintiff and the Putative Class at the lowered tip-credited rate, however, Defendants were not entitled to a tip credit because Plaintiff and the Putative Class's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y.C.R.R. § 146.

70.     Plaintiff and the Putative Class were employed ostensibly as delivery workers (tipped employees) by Defendants, although their actual duties included greater or equal time spent in non-delivery, non-tipped functions such as those outlined above.

71.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y. C. R. R. §§ 137-3.3, 137-3.4).  Similarly, under federal regulation 29 C.F.R. § 531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

72.     Plaintiff and the Putative Class's duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated occupations with duties including transportation of items between store locations, maintenance and cleaning, food preparation, receiving and storing deliveries, dishwashing and kitchen assistance.  While performing these duties, Plaintiff and the Putative Class did not receive tips; therefore, they constitute non-tipped occupations, and Defendants could not lawfully take a tip credit for any of the hours that Plaintiff and the Putative Class worked in these roles.

73.     Since Plaintiff and the Putative Class spent more than two hours of their workdays in non-tipped, non-delivery functions, Defendants were not entitled to take a tip credit with respect to their wages.

74.     In violation of federal law and state law as codified above, Defendants classified Plaintiff and the Putative Class as tipped employees and paid them below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate for all the hours they worked.

75.     Defendants employed Plaintiff and the Putative Class as delivery workers and required them to provide their own uniforms, locks, chains, bicycles, and refused to compensate them or reimburse them for these expenses.

12

76.     Defendants did not provide Plaintiff and the Putative Class with any break periods.

77.     Defendants failed to provide Plaintiff and the Putative Class with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL § 195(3).

78.     Defendants failed to provide Plaintiff and the Putative Class, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowance, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

79.     Defendants failed to provide Plaintiff and the Putative Class with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL § 195(3).

80.    Upon information and belief, until this lawsuit was filed, Defendants did not post the notices required by the FLSA and NYLL and/or did not otherwise inform Plaintiff and the Putative Class of the requirements of the tip credit.

81.    Defendants have not informed Plaintiff and the Putative Class about the tip credit, or the employment laws generally, in Spanish or other languages spoken by the employees, even though other rules and guidelines are posted in Spanish.

82.    Defendants' policy, pattern and/or practice of paying Plaintiff and the Putative Class a tipped wage despite their substantial work unrelated to a tipped occupation and failing to maintain and/or preserve accurate records of the hours Plaintiff and similarly situated employees perform tipped work and/or non-tipped work, along with the corresponding wages received, for the purposes of determining pay, is a violation of the requirements of the FLSA and the NYLL.

### Illegal Deductions and Kick-Backs - Uniforms

83.    Under certain circumstances, the FLSA and the NYLL prohibits employers from requiring employees to purchase the tools-of-the-trade or give any money back to an employer such as a "kick-back." 29 C.F.R. § 531.35; NYLL § 198-b.

84.    Under the FLSA, deductions for tools of the trade must not bring an employee's wage below the minimum wage rate, and if taken, the amount of such deductions must be included for the purpose of calculating the employee's overtime rate. 29 C.F.R. § 531.36-37.

14

85.    The NYLL prohibits employers from making any deductions from any employee's wages except for those permitted by law, prohibits "kick-backs," and also specifics that the "minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by an employer." NYLL §§ 193, 198-b, 12 N.Y.C.R.R. §§ 142-2.10, 146-2.7.

86.    The NYLL requires an employer to reimburse an employee for purchase of a required uniform, and pay a specified amount to reimburse the employee for cleaning his uniform. 12 N.Y.C.R.R. §§ 142-2.22, 142-2.5(c), 146-1.7, 146-1.8.

87.    The FLSA specifies that costs related to purchase and cleaning of a "uniform" cannot be credited toward the minimum wage rate. 29 C.F.R. §§ 531.3(d)(2); 531.32(c).

88.    Defendants have required Plaintiff and the Putative Class to wear a Papa John's shirt, black pants, Papa John's hat, and/or Papa John's jacket, and to carry a Papa John's bag.

89.    Plaintiff and other similarly situated employees have not worn these articles of clothing as part of their ordinary wardrobe.

90.    The clothing items the Defendants have required Plaintiff and the Putative Class to wear constituted a "required uniform" within the meaning of New York state labor regulations, 12 N.Y.C.R.R. §§ 142-2.22, 146-3.10, and also continued a "uniform" for the purpose of federal law. 29 C.F.R. §§ 531.3(d)(2); 531.32(c).

91.    Plaintiff and other similarly situated employees have usually purchased these clothing items and have usually borne the costs of cleaning these clothing items.

92.    Defendants' policy, pattern and/or practice of requiring that Plaintiff and the Putative Class bear the costs of uniform laundering and charging Plaintiff and the Putative Class for the purchase of uniforms, which brings Plaintiff and the Putative Class' wages below the minimum wage rate, is a violation of the FLSA and the NYLL.

15

**Illegal Deductions and Kick-Backs - Bicycles**

93.     Defendants have required Plaintiff and the Putative Class to obtain or use their own bicycles in making deliveries for Defendants.

94.     Until this lawsuit was filed, Plaintiff and the Putative Class bore all costs associated with the purchase and maintenance of the bicycles.

95.     Plaintiff and the Putative Class generally leave the bicycles at the Restaurant's location in which they work and do not use the bicycles for personal use.

96.     The bicycles used by Plaintiff and the Putative Class are tools-of-the-trade that are specifically required for the performance of their duties.

97.     Defendants' policy, pattern and/or practice of requiring that Plaintiff and the Putative Class bear the cost of a bicycle, helmet and reflectors and maintenance, brings Plaintiff and the Putative Class' wages below the minimum wage rate, is a violation of the FLSA and the NYLL.


**No Spread-of-Hours Pay**

98.     The NYLL requires that employers pay an extra hour's pay at minimum wage rate if an employee's shift extends more than ten hours between start and finish. 12 N.Y.C.R.R. §§ 142-2.4, 146-1.6.

99.     Plaintiff and the Putative Class regularly worked an interval over ten hours a day between start and finish.

100.    Defendants did not pay an additional hour at the minimum wage rate when Plaintiff and the Putative Class work an interval over ten hours a day.

16

101.    Defendants' policy, pattern and/or practice of failing to pay spread-of-hours is a violation of the NYLL.

**Defendants Do Not Provide Statutorily-Required Breaks**

102.    The NYLL requires employers provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noonday meal period from 11 A.M. to 2 P.M.; an additional meal period between 5 P.M. and 7 P.M. of at least twenty (20) minutes for employees whose shift started before 11 A.M. and continues later than 7 P.M.; and/or a forty-five minute (45) meal period at a time midway between the beginning and the end of the shift for employees whose shift lasts more than six hours and start between 1 P.M. and 6 A.M. NYLL § 162.

103.    Defendants have maintained a policy, pattern and/or practice of denying Plaintiff and the Putative Class time off for meals in violation of NYLL § 162.

104.    Instead of receiving set break and meal times, usually Plaintiff and the Putative Class have only been able to take a short rest between deliveries and when no other work is required.  Defendants required Plaintiff and the Putative Class to return to work if there are deliveries to be made, or other work required.

105.    Defendants' policy, pattern and/or practice of routinely denying Plaintiff and the Putative Class the right to take the statutorily required meal and rest breaks is a violation of the NYLL.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act – Failure to Pay Minimum Wage)
### (Brought on Behalf of Plaintiff and all FLSA Class Members)

106.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

107.   Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

108.   At all times during their employment, the named and represented Plaintiff and Putative Class were employed by Defendants from September 2010 through September 2013 and were required to be paid a minimum hourly wage for every hour worked for Defendants.

109.   Since in or about September 2012 through the present, Defendants have violated the provisions of the FLSA, 29 U.S.C. § 206 and §215(a)(2) by failing to pay the Plaintiff and other similarly situated delivery workers a minimum hourly wage.

110.   Defendants knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages and remains owing the named Plaintiff and other similarly situated employees a minimum wage for every hour worked during the three year period preceding this lawsuit.  Accordingly, both named and represented Plaintiff are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs

## SECOND CAUSE OF ACTION
### (Fair Labor Standards Act – Failure to Pay Over-time)
### (Brought on Behalf of Plaintiff and all FLSA Class Members)

111.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

112.   Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

113.   At all times relevant, Plaintiff and the FLSA Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

114.   The over-time wage provisions set forth in §§ 201 et seq. of the FLSA apply to Defendants.

115.   Defendants are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

116.   Defendants have failed to pay Plaintiff and the FLSA Class over-time wages to which they were entitled under the FLSA.

117.   Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

118.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

119.   As a result of Defendant's willful violations of the FLSA, Plaintiff and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. § 201 et seq.

120.   As a result of the unlawful acts of Defendants, Plaintiff and the FLSA Class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### (New York Labor Law: Unpaid Minimum and Overtime Wages)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

121.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

122.    At times relevant to this action, Plaintiff and the Rule 23 Class were employees of Defendants who fall within the meaning of employer under the New York Labor Law.

123.    The minimum wage and over-time wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

124.    Defendants have failed to pay Plaintiff and the Rule 23 Class the over-time wages to which they were entitled under the New York Labor Law.

125.    By Defendant's failure to pay Plaintiff and the Rule 23 Class Members minimum and over-time wages for hours worked and for hours worked in excess of 40 hours per week, Defendants have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

126.    Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid minimum and over-time wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and notice and an opportunity for class members, after the determination of class-wide liability and of individual back pay and interest, to intervene in this action or to file their own suits and petition individually for liquidated damages, and other relief pursuant to New York Labor Law Article 19, §§ 650 et seq.

20

## FOUTH CAUSE OF ACTION
### (Violation of the Notice and Recordkeeping
### Requirements of the New York Labor Law)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

127.    Plaintiff repeats and realleges all paragraphs above as though fully set forth.

128.    Defendants failed to provide Plaintiff and the Rule 23 Class with a written notice,

in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day,

and such other information as required by NYLL § 195(1).

129.    Defendants are liable to the Plaintiff and the Rule 23 Class in the amount of

$2,500, together with costs and attorney's fees

## FIFTH CAUSE OF ACTION
### (Violation of the Wage Statement Provisions of the New York Labor Law)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

130.    Plaintiff repeats and realleges al paragraphs above as though fully set forth.

131.    Defendants did not provide Plaintiff and the Rule 23 Class with wage statements

upon each payment of wages, as required by NYLL § 195(3).

132.    Defendants are liable to the Plaintiff and the Rule 23 Class in the amount of

$2,500, together with costs and attorney's fees.

## SIXTH CAUSE OF ACTION
### (New York Labor Law Section 196(d))
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

133.    Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

134.    Defendants violated Section 196(d) of the New York Labor Law by accepting gratuities, received by Plaintiff and the Rule 23 Class, or retaining any part of a gratuity or of any charge purported to be a gratuity for Plaintiff or the Rule 23 Class.

135.    Defendants added a "service charge", "tip", "gratuity" leading customers to believe that the amount is to be passed on to the Plaintiff and the Rule 23 Class.

136.    Defendants failed to clearly inform the customer that the Service Charge would not be forwarded to the Plaintiff and the Rule 23 Class.

137.    Defendants failed to give receipts to its customers or failed to give receipts clearing stating the Service Charge did not go to the Plaintiff and the Rule 23 Class in at least 12 point font.

138.    The forgoing constitutes a violation of Labor Law Section 196(d) and Plaintiff and the Rule 23 Class have been injured in an amount to be determined at the trial of this action.

## SEVENTH CAUSE OF ACTION
### (Violation of NYLL – Unpaid Wages)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

139.    Plaintiff repeats and realleges all allegations in all preceding paragraphs as if fully set forth herein.

140.    The NYLL requires employers to pay promised wages for every hour worked. NYLL §§ 190(10, *et seq.*

141.    Defendants failed to pay Plaintiff and the Rule 23 Class the promised wage for every hour worked.

142.    Defendants' failure to pay Plaintiff and the Rule 23 Class the promised wage for every hour worked was not in good faith.

143.    Plaintiff and the Rule 23 Class are entitled to all unpaid wages, attorneys' fees, liquidated damages and costs.

## EIGHTH CAUSE OF ACTION
### (Violation of NYLL – Unpaid Uniform Laundering Allowance)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

144.    Plaintiff repeats and realleges all allegations in all preceding paragraphs as if fully set forth herein.

145.    The NYLL requires employers to compensate employees, beyond that specified by the minimum wage for laundering and maintenance of required uniforms in violation of New York State labor regulations. 12 N.Y.C.R.R. §§ 142-2.22, 142-2.5(c), 146-1.7.

146.    Defendants failed to pay Plaintiff and the Rule 23 Class additional pay, beyond that specified by the minimum wage for purchasing, laundering and maintenance of required uniforms.

147.    Defendants' failure to pay Plaintiff and the Rule 23 Class additional pay, beyond that specified by the minimum wage, for laundering and maintenance of required uniforms in violation of New York state labor regulations was not in good faith.

148.    Plaintiff and the Rule 23 Class is entitled to all costs expended.

## NINTH CAUSE OF ACTION
### (Violation of NYLL – Failure to Provide Meal Periods)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

149.    Plaintiff repeats and realleges all allegations in all preceding paragraphs as if fully set forth herein.

150.    The NYLL requires that employers provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 A.M. to 2 P.M.; an additional meal period between 5 P.M. and 7 P.M. of at least twenty (20) minutes for employees whose shift started before 11 A.M. and continues later than 7 P.M.: and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 P.M. and 6 A.M. NYLL § 162.

151.    Defendants failed to provide the meal periods required by NYLL § 162.

152.    Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## TENTH CAUSE OF ACTION
### (Violation of NYLL – Failure to Provide Notice and Information about Employment Laws)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

153.    Plaintiff repeats and realleges all allegations in all preceding paragraphs as if fully set forth herein.

154.    The NYLL requires employers to maintain adequate and accurate written records of the actual hours worked and the true wages earned by employees. NYLL § 195(4); 12 N.Y.C.R.R. §§ 142-2.6, 146-2.1.

155.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of the actual hours worked and true wages earned by Plaintiff and the Rule 23 Class.

156.    Defendants' failure to maintain adequate and accurate written records of the actual hours worked and true wages earned by Plaintiff and the Rule 23 Class was not in good faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the Putative Class, respectfully request that this Court enter a judgment providing the following relief:

a)    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed at Moregrace LLC's Papa John's restaurants from January 1, 2007 through April 30, 2014 as delivery employees.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

b)    Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

c)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

d)    Designation of Representative Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

e)       Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor regulations;

f)       Unpaid minimum and over-time wages pursuant to N.Y. Lab. Law Article 19, § 650 et seq., and the supporting New York State Department of Labor regulations;

g)       Pre-judgment interest;

h)       An injunction requiring Defendants to pay all statutorily-required wages pursuant to the New York Labor Law;

i)       After the determination of class-wide liability, of individual damages, and of Defendant's liability for back pay, notice to class members of the opportunity to intervene in this action or to file separate actions to recover liquidated damages under Article 19, § 68 1(1) of the New York Labor Law;

j)       Attorneys' fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

k)       The costs and disbursements of this action; and,

l)       Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: September 19, 2013

Respectfully submitted,

GARBARINI FITZGERALD P.C.

By: _____
Richard M. Garbarini (RG 5496)

rgarbarini@garbarinilaw.com
420 Lexington Avenue
Suite 2743
New York, New York 10170
Telephone: (212) 300-5358
Facsimile: (888) 265-7054

*Attorneys for Plaintiff and the Putative Class*