**GARBARINI FITZGERALD P.C.**
420 Lexington Avenue
Suite 2743
New York, New York 10170
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

December 10, 2013

**VIA ECF**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Matos, et al. v. Moregrace LLC, et ano.*, 13-cv-6652 (PKC)
            Pre-Motion Letter – Motion for Conditional Collective Action Certification Under
            <u>the FLSA and Notice to the Putative Class</u>

Your Honor:

      We represent plaintiff Elias Matos, who appears in this matter individually and on behalf of all other similarly situated employees. This pre-motion letter is submitted pursuant to Your Honor's Individual Rule of Practice 2(A)(1), seeking permission to move to conditionally certify this matter as a Fair Labor Standards Act ("FLSA") collective action and order notice be sent to members of a putative class consisting of all current and former delivery workers employed by Defendants at their two Papa John's branded restaurants after December 16, 2010 (collectively referred to here as the "Delivery Workers").

      **A.**      **The Proposed Class is "Similarly Situated".**

      The FLSA provides for one or more employees to pursue an action in a representative capacity for "other employees similarly situated." 29 U.S.C. § 216(b). Section 216(b) provides a fair and efficient means for individual employees subject to the same illegal practices to bring claims collectively. See *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The only threshold issue for conditional certification under the FLSA is whether the Delivery Workers are "similarly situated." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). We respectfully submit the proposed class here satisfies this liberal standard.

      While the FLSA does not define "similarly situated," courts understand it to require a showing that the plaintiff ". . . and potential plaintiffs together were victims of a common policy or plan that violated the law." *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 6 (D.D.C. 2010);

*Colon v. Major Perry Street Corp.*, No. 12-cv-3788, 2013 WL 3328223, at *4 (S.D.N.Y. Jul. 2, 2013). Courts consider "(1) whether [putative class members] all worked in the same corporate department, division and location; (2) whether they all advanced similar claims; and (3) whether they sought substantially the same form of relief." *Encinas*, 265 F.R.D. at 6.

Plaintiff will establish in his motion the Delivery Workers had/have the same title, job duties, employer, work-place and were subject to the exact same illegal policies of Defendants. There is, in fact, absolutely no distinction between the Plaintiff and every member of the proposed class of Delivery Workers. Respectfully, the putative class is similarly situated and this matter should be conditionally certified for purposes of discovery and notifying putative class members of the opportunity to join this action.

  **B. Notice Requirements.**

The reason for the relatively liberal standard for assessing the question of whether the FLSA class members are "similarly situated" arises because, unlike a Rule 23 class action, limitation periods are not tolled for putative members of an FLSA class until they affirmatively opt-into the action. Thus, it is critical notice of the right to opt-in be issued promptly after the filing of the case if there is even a colorable basis for believing the class members may be similarly situated. *See Hoffmann–LaRoche*, 493 U.S. at 170; *Hoffman*, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management.").

Provided the Court is satisfied the Plaintiff has met his burden of establishing the putative class is similarly situated, Plaintiff will seek Court supervision over the joinder of class-members to assure joinder is accomplished in an efficient way. *See Hoffmann-La Roche*, 493 U.S. at 166, 170-72. To this end, the Court has discretion to facilitate notice to potential plaintiffs of their right to opt-into the action provided such notice is "timely, accurate, and informative." *Id*. at 172.

  **a. Defendants Should Provide Information Necessary to Effectuate Notice.**

To facilitate the process of notification, the United States Supreme Court recognized that district courts have the authority to require employers to provide the names and addresses of putative class members, and courts regularly require such production to facilitate notice. *Hoffmann-La Roche*, 493 U.S. at 172; See, e.g., *Encinas*, 265 F.R.D. at 7.

The proposed motion will seek an order requiring Defendants provide the "Form I-9" information including each putative class member's last known address, e-mail, phone number and contact information in order to assist with the issuance of the notice and to provide counsel with the dates of birth and partial Social Security numbers for any class members whose mailed notice is returned by the post office. The dates of birth and partial Social Security numbers can assist with locating the correct address for those workers so they may receive notice.

Plaintiff also seeks to send a follow-up postcard to any class members who have not responded thirty days after the mailing of the initial notice. Such follow up mailing serves what the Supreme Court in *Hoffman-La Roche* recognized as section 216(b)'s "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." 493 U.S. at 172. *See*, *e.g.*, *Morris v. Lettire Const., Corp.* 896 F. Supp. 2d 265, 174 (S.D.N.Y. 2012)(authorizing the distribution of a "reminder" notice prior to the expiration of the opt-in period because the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in).

Finally, Plaintiff will also seek an order requiring Defendants post the approved notice at both of Defendants' Papa John's branded restaurants in the same areas in which they are required to post FLSA notices. See 29 C.F.R. 516.4 (requiring posting of FLSA requirements "in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy").

### C. CONCLUSION.

For all of the foregoing reasons, we respectfully request this Court (1) allow Plaintiff to seek to move for conditional certification of this action as an FLSA representative action on behalf of a class of all current and former Delivery Workers after December 16, 2010, (2) authorize Plaintiff's counsel to issue Court approved notice to all putative class members and follow-up postcard to any class members who have not responded thirty days after the mailing of the initial notice, (3) require Defendants post a Court approved notice of this lawsuit and consents to sue in a conspicuous location in the workplace, and (4) order Defendants to provide Plaintiff's counsel with the last known addresses of all putative collective action members and the telephone number, date of birth, and last four digits of the social security number of any potential class members whose notice is returned by the post office, so that Plaintiff's counsel may provide effective notice to the class.

### D. Proposed Schedule for the Motion.

- Moving papers due on or before December 24, 2013
- Opposition papers due on or before January 7, 2014
- Reply, if necessary, due on or before January 14, 2014

GARBARINI FITZGERALD P.C.

By: /s/ Richard M. Garbarini
Richard M. Garbarini

cc: David Feldman (attorney for Defendants)(by ECF)